FILED IN CHAMBERS
U.S.D.C. Rome

OCT - 5 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| JOY WATTERS ADCOCK, as Administratrix of the Estate of COURTNEY MARISA ADCOCK, Deceased, and as Custodian of the Person and Conservator of the Property of ALEXIS ADCOCK, a minor child,<br><br>    Plaintiff,<br><br>vs.<br><br>PATRICK L. ARNOLD, YELLOW TRANSPORTATION, INC. and OLD REPUBLIC INSURANCE COMPANY,<br><br>    Defendants, | CIVIL ACTION<br>FILE NO.: 4:09-CV-63HLM |

## ORDER ON CONSENT MOTION TO APPROVE STRUCTURED SETTLEMENT IN FAVOR OF MINOR CHILD

This matter is before the Court on a Consent Motion to Approve Structured Settlement in Favor of a Minor Child, which was consented to and brought collectively by all parties to the above-styled action.

### Findings of Fact

At approximately 10:30 p.m. on September 6, 2008, Courtney Marisa Adcock (hereinafter, "the Decedent"), while standing in the emergency lane

alongside Interstate 75 south of Dalton, Georgia, was struck and killed instantly by an eighteen wheeler that may have veered into the emergency lane. The eighteen wheeler was owned by Defendant Yellow Transportation, Inc., insured by Defendant Old Republic Insurance Company, and driven by Defendant Patrick L. Arnold. At the time of her death, the Decedent was the mother of Alexis Madison Adcock, a minor child (hereinafter, "the Minor Child"), whose date of birth is November 9, 2006. The mother of the Decedent, Joy Watters Adcock (hereinafter, "Plaintiff"), is the Plaintiff in the above-styled action.

Following the Decedent's death, Plaintiff was appointed primary physical custodian of the Minor Child by Order of the Superior Court of Floyd County, Georgia. Plaintiff was subsequently appointed Conservator of the Property of the Minor Child by Order of the Probate Court of Floyd County, Georgia.

The Decedent was unmarried at the time of her death. Therefore, pursuant to O.C.G.A. §51-4-2(a), entitlement to recovery for the wrongful death of the Decedent is vested in the Minor Child. Plaintiff brought the above-styled action on behalf of the Minor Child in the Plaintiff's capacity as Conservator of the Property of the Minor Child.

After initiation of suit and initial discovery, the parties agreed to mediate the case in good faith. As special damages, Plaintiff presented funeral and

medical expenses in the amount of Eleven Thousand Three Hundred Eight Dollars ($11,308.00) and lost wages in the amount of One Million One Hundred Forty Nine Thousand Five Hundred Fifty Dollars ($1,149,550.00), which were calculated by Dr. Frank Stephenson, an economist at Berry College.

Disputed issues of fact, such as the Decedent's proximity to the roadway, whether and to what extent Defendant Arnold veered into the emergency lane, and whether Decedent and others in the emergency lane had taken adequate precautions to notify oncoming traffic of their presence informed the negotiations. Disputed issues of law, including whether and to what extent Decedent and others in the emergency lane were comparatively negligent, and whether and to what extent Defendant Yellow Transportation, Inc. spoliated key evidence, also informed the negotiations. The negotiations following mediation were successful, and resulted in a structured settlement, the terms of which are the subject of this Motion.

In the hearing on this matter, Plaintiff indicated her good-faith belief that the terms of the structured settlement represent a fair, reasonable and just compromise of the Minor Child's claim, and that acceptance and approval of such are in the best interest of the Minor Child. Plaintiff further indicated through counsel that she has fully investigated the facts and circumstances

surrounding the Decedent's death, including but not limited to those mentioned above, and that it is uncertain and doubtful that an amount could be recovered in excess of the amount represented by the structured settlement. The parties stipulate that the settlement operates as a full and final settlement against all Defendants in this matter. Plaintiff also proposes that the proceeds of the settlement be remitted to an irrevocable trust for the benefit of the Minor Child. A draft of a proposed trust agreement has been submitted for the Court's review and approval.

The terms of the settlement are set forth on a document titled "Release of All Claims" (hereinafter, "Release"). Since the Release contained terms of settlement that operate for the benefit of the Minor Child, for the protection of the Minor Child, the Release was the subject of a separate Consent Motion for Leave to File Document Under Seal, which this Court granted on the basis that the Release contained sensitive financial information regarding the Minor Child. Following the grant of that Motion, the parties filed the Release manually for the Court's in camera review in furtherance of the consideration of this Motion. The parties have requested that the Release remain in the record of the Court under seal, not to be unsealed absent further Order of the Court, pursuant to LR 79.1(c)(2), NDGa.

Finally, Plaintiff has indicated that she employed the law firm of McRae, Stegall, Peek, Harman, Smith & Manning, LLP, to represent Plaintiff in the prosecution of the Minor Child's claim, and that on behalf of the Minor Child, she has agreed to pay the attorney's fees and expenses of litigation to said law firm out of the initial distribution of the structured settlement. The attorney fees to be paid represent approximately twenty four percent (24%) of the present value of the gross settlement proceeds. The expenses of litigation represent approximately one percent (1%) of the present value of the gross settlement proceeds.

## Applicable Law and Analysis

a.   **Court Approval of the Structured Settlement Arrangement**

Georgia law requires that any settlement negotiated on behalf of a minor child to compromise a claim of that minor child, whether structured or not, be approved by a court. O.C.G.A. §29-3-3. Jurisdiction over the approval is dependent upon whether legal action regarding the minor's claim has been initiated and whether the amount of the settlement exceeds fifteen thousand dollars ($15,000.00). O.C.G.A. §29-3-3(e). If legal action has been initiated, as it has in the instant matter, and the proposed gross settlement of the minor's claim is more than fifteen thousand dollars ($15,000.00), the settlement must be

submitted for approval to the court in which the action is pending. Ibid. The term "gross settlement" means the present value of all amounts paid or to be paid in settlement of the claim. O.C.G.A. §29-3-3(a).

Finally, Georgia law allows a conservator to create a trust for the benefit of a minor child to receive the proceeds of a settlement and to operate for the benefit of the minor child, where that trust is created "on terms which the court approves." O.C.G.A. §29-3-3(h). Accordingly, Plaintiff has submitted a draft of the "Alexis Madison Adcock Benefit Trust" for the Court's consideration.

b.  **Placing Terms of the Structured Settlement Under Seal**

The Court, in its discretion, may order the Clerk of Court to place a document under seal where that document is deemed to contain "sensitive matter." Sensitive. . .evidence may not be inspected or copied without specific leave of the Court. Such evidence includes. . .any. . .evidence designated by the court as being sensitive. LR 79.1(c)(1), NDGa. Exhibits ordered sealed or impounded by the court may not be inspected or copied by anyone, including attorneys for the parties, except on leave of Court. LR 79.1(c)(2), NDGa. This Court has already determined that the Release contains sensitive matter in its Order that permitted the parties to file the Release manually and under seal for the Court's in camera consideration of the same. The parties now request, for the

protection of the Minor Child, that the Release remain in the records of the Court under seal, unavailable for public inspection, pending further Order of the Court, pursuant to LR 79.1(c)(2), NDGa. The Court agrees that an Order placing the Release in the records of the Court under seal, absent further order of the Court, is in the best interest of the Minor Child.

THEREFORE, it is ORDERED:

(a) That the terms of the structured settlement, as represented by the Release, are hereby APPROVED, and the parties are hereby authorized to consummate the settlement and execute any and all agreements, receipts, releases, and other documents necessary or proper to affect said settlement;

(b) That the terms of the proposed Alexis Madison Adcock Benefit Trust are hereby APPROVED;

(c) That the Clerk of Court place the Release in the records of the Court under seal, not to be unsealed absent further Order of this Court, pursuant to LR 79.1(c)(2), NDGa.;

(d) That Plaintiff is authorized to pay attorney fees and expenses from the initial disbursement of the structured settlement.

SO ORDERED this 5th day of October, 2009.

_____
JUDGE, UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA